UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

NATHAN HUMMEL,

    Petitioner,

v.                                         CAUSE NO.: 3:17-CV-114-RLM-MGG

WARDEN,

    Respondent.

## OPINION AND ORDER

Nathan Hummel, a prisoner without a lawyer, filed a habeas corpus petition to challenge his convictions for dealing in a narcotic drug, robbery, and disarming an officer under cause number 75C01-1112-FA-15. Following a guilty plea, on May 22, 2012, the Starke Circuit Court sentenced Mr. Hummel to twenty-five years of incarceration.

## FACTUAL BACKGROUND

In deciding this habeas petition, the court must presume the facts set forth by the state courts are correct unless they are rebutted with clear and convincing evidence. 28 U.S.C. § 2254(e)(1). The Court of Appeals of Indiana summarized the facts:

> In December 2011, the State charged Hummel with six felony counts related to his participation in an armed robbery of a CVS pharmacy. In particular, the State alleged that Hummel: jumped over the counter in the pharmacy and, armed with a knife, took controlled substances from the presence of the pharmacist and stole cartons of cigarettes; possessed with intent to deliver morphine, methadone, oxycodone, oxycontin, Ritalin, Fentora, Nucynta, and Avinza; and attempted to take a police officer's gun. During a guilty plea hearing

in April 2012, Hummel pleaded guilty to dealing in a narcotic drug, as a Class B felony; two counts of robbery, as Class B felonies; and disarming an officer, as a Class C felony. In exchange for Hummel's plea, the State reduced the dealing count from a Class A felony to a Class B felony and dismissed two of the felony counts. And the terms of the plea agreement provided for an aggregate sentence of twenty-five years executed. The trial court entered judgment of conviction and sentence according to the terms of the plea agreement.

ECF 26-7 at 2–3.

Mr. Hummel says he was denied effective assistance of counsel when trial counsel failed to object to the charge of dealing.[1] He also says he was denied due process when the prosecutors in his case abused their discretion by charging him with dealing,[2] and that he was denied effective assistance of counsel at the post-conviction relief stage when his appointed counsel failed to investigate his case and ultimately withdrew. The respondent argues Mr. Hummel's petition is untimely and his claims are procedurally defaulted.

## TIMELINESS

Habeas corpus petitions are subject to a strict one-year statute of limitations. 28 U.S.C. §2244(d)(1). This limitation is tolled for any time "during which a properly filed application for State post-conviction or other collateral review" is pending. *Id.* §2244(d)(2). Assuming, as the respondent says, Mr. Hummel's conviction became final on the date of his plea, May 22, 2012, his

---

[1] Mr. Hummel alleges ineffective assistance of trial counsel in Grounds 1 and 5 of his petition. ECF 10 at 5, 7. Because both grounds center on trial counsel's failure to object to the charge of dealing, the court construes them as one claim.

[2] Similarly, Mr. Hummel alleges the same prosecutorial misconduct claim in Grounds 2 and 4, and the court also construes these grounds as one claim.

petition is well within this limit. Mr. Hummel had properly filed petitions for collateral relief pending in State courts from December 17, 2012–March 3, 2015; April 27, 2015–July 20, 2015; and August 18, 2015–January 19, 2017, all of which were listed in his petition. ECF 10 at 2–3. He filed this case on January 25, 2017. ECF 1 at 6. The number of days between Mr. Hummel's conviction on May 22, 2012, and his petitioning this court on January 25, 2017, not counting pending proceedings as defined above, was 300.[3] This petition is timely.

PROCEDURAL DEFAULT

The respondent argues Mr. Hummel's claims are barred from review in federal court due to procedural default. There are two distinct ways in which a state prisoner can procedurally default a federal claim. Snow v. Pfister, 880 F.3d 857, 864 (7th Cir. 2018). The first occurs when "the state court declines to address a petitioner's federal claims because the petitioner did not meet state procedural requirements." *Id.* In those cases, "the state court judgment rests on an independent and adequate state ground and principles of comity and federalism dictate against upending the state-court conviction." Thomas v. Williams, 822 F.3d 378, 384 (7th Cir. 2016) (citing Coleman v. Thompson, 501 U.S. 722, 729–730 (1991)).

---

[3] The respondent argues that Mr. Hummel's time expired in August 2015, *see* ECF 26 at 12, but that calculation doesn't account for Mr. Hummel's post-conviction relief petition filed April 27, 2015, and withdrawn July 20, 2015. That petition, No. 75C01-1504-PC-000001, was properly filed in Starke Circuit Court. Its docket is publicly available at https://public.courts.in.gov.

3

The second type of procedural default "stems from the requirement that a state prisoner must exhaust his remedies in state court before seeking relief in federal court," which requires the petitioner include his claims in "one complete round of the State's established appellate review process." Snow v. Pfister, 880 F.3d at 864 (quoting O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999)). This means "the petitioner must raise the issue at each and every level in the state court system." Lewis v. Sternes, 390 F.3d 1019, 1025 (7th Cir. 2004). A petitioner "who has exhausted his state court remedies without properly asserting his federal claim at each level of state review has procedurally defaulted that claim." *Id.* at 1026.

Mr. Hummel presented a claim of ineffective assistance of trial counsel to the Court of Appeals of Indiana, ECF 26-4 at 17-24, but that court held that Mr. Hummel didn't present a cogent argument in support of this claim, in violation of Ind. App. Rule 46(A)(8)(a). ECF 26-7 at 5. Thus, it found he had waived the claim for review. Because Mr. Hummel didn't meet a state procedural requirement, the disposition of the claim of ineffective assistance of counsel rested on an adequate and independent state ground and this court can't review it.

Mr. Hummel's claims of abuse of prosecutorial discretion and ineffective assistance of post-conviction counsel are barred due to lack of exhaustion in the state court system. Mr. Hummel didn't pursue these claims at every level of the state court system. He didn't raise these claims until his petition for transfer to

4

the Indiana Supreme Court. *See* ECF 26-9. The state courts weren't given an "opportunity to act" on these claims. *See* Thomas v. Williams, 822 F.3d at 384.

A habeas petitioner can overcome a procedural default by showing both cause for failing to abide by state procedural rules and a resulting prejudice from that failure. Wainwright v. Sykes, 433 U.S. 72, 90 (1977); Wrinkles v. Buss, 537 F.3d 804, 812 (7th Cir. 2008), *cert. denied*, 129 S. Ct. 2382 (2009). Cause sufficient to excuse procedural default is defined as "some objective factor external to the defense" that prevented a petitioner from pursuing his constitutional claim in state court. Murray v. Carrier, 477 U.S. 478, 492 (1986).

Mr. Hummel argues his procedural default was caused by lack of an effective attorney in his post-conviction proceedings and that "an effective counsel at every step of the proceedings against him would have possibly elicited a different outcome." ECF 40 at 8. He claims his appointed post-conviction review counsel "did not investigate any substantive subject matter" and "when there was merit, promptly withdrew," causing him to file his petition without a lawyer. ECF 10 at 6.

As a general rule, "[n]egligence on the part of a prisoner's postconviction attorney does not qualify as cause." Maples v. Thomas, 565 U.S. 266, 280 (2012). The Supreme Court has recognized an exception in which ineffective assistance of collateral review counsel may be recognized as cause for a procedural default of a claim of ineffective assistance of trial counsel. Trevino v. Thaler, 569 U.S. 413 (2013); Martinez v. Ryan, 566 U.S. 1 (2012). The court of appeals has applied this exception to prisoners in Indiana. Brown v. Brown, 847 F.3d 502, 513 (7th

5

Cir. 2017), *petition for cert. filed*, No. 17-887 (Dec. 18, 2017). For purposes of the *Martinez* exception, "inadequate assistance of counsel" encompasses no counsel. Martinez v. Ryan, 566 U.S. at 14. Mr. Hummel raises one ineffective assistance of trial counsel claim: that trial counsel failed to object to the charge of dealing. "[A] prisoner must also demonstrate that the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit." Martinez, 566 U.S. 1, 14 (2012). The court will assume without deciding that this claim has some merit and will consider the claim.[4]

STANDARD OF REVIEW

"Federal habeas review . . . exists as a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal." Woods v. Donald, 135 S.Ct. 1372, 1376 (2015) (quotations and citation omitted).

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

---

[4] Federal courts have the discretion to consider claims for habeas relief under certain circumstances even if such claims are procedurally barred. 28 U.S.C. § 2254(b)(2).

6

> [This] standard is intentionally difficult to meet. We have explained that clearly established Federal law for purposes of §2254(d)(1) includes only the holdings, as opposed to the dicta, of this Court's decisions. And an unreasonable application of those holdings must be objectively unreasonable, not merely wrong; even clear error will not suffice. To satisfy this high bar, a habeas petitioner is required to show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.

Woods v. Donald, 135 S. Ct. at 1376 (quotation marks and citations omitted). Criminal defendants are entitled to a fair trial but not a perfect one. Rose v. Clark, 478 U.S. 570, 579 (1986). To warrant relief, a state court's decision must be more than incorrect or erroneous; it must be objectively unreasonable. Wiggins v. Smith, 539 U.S. 510, 520 (2003). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as fairminded jurists could disagree on the correctness of the state court's decision." Harrington v. Richter, 562 U.S. 86, 101 (2011) (quotation marks omitted).

## ANALYSIS

Mr. Hummel argues that the state court made an unreasonable determination by finding that trial counsel was not ineffective for failing to object to the charge of dealing. He argues that trial counsel should have objected to the charge for lack of a factual basis to demonstrate the element of intent.

To prevail on an ineffective assistance of counsel claim, a petitioner must show that counsel's performance was deficient and that the deficient performance prejudiced him. Strickland v. Washington, 466 U.S. 668 (1984).

7

There is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." Id. at 689. The test for prejudice is whether there was a reasonable probability that "but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. To establish ineffective assistance of counsel in the context of a guilty plea, a petitioner must show that his representation "fell below an objective standard of reasonableness" and "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Morales v. Boatwright, 580 F.3d 653, 659 (7th Cir. 2009).

Mr. Hummel was originally charged with six criminal offenses, including dealing in a narcotic drug, Class A felony. PCR App. 45-46. As a result of a plea agreement, he plead guilty to dealing in a narcotic drug, Class B felony, in addition to two counts of robbery and one count of disarming an officer, Class C felony. ECF 26-7 at 2–3; ECF 37-1 at 27-30. At the post-conviction relief stage, Mr. Hummel argued that trial counsel was ineffective for advising him to plead guilty because he didn't investigate the case. PCR App. 34-42. At an evidentiary hearing, trial counsel testified that he spent "numerous hours" investigating the case and "absolutely" believed Mr. Hummel would have received a harsher sentence had he gone to trial rather than pleaded to the lesser dealing charge. PCR Transcript, dated October 28, 2015, at 24–25, 38. He testified that the prosecution had DNA evidence and video evidence of Mr. Hummel taking 104

bottles of pills from the pharmacy. Id. at 39, 53-54. He testified that under Indiana law, a dealing charge may be proven by circumstantial evidence. Id. at 20. A detective also testified, stating that the pharmacy reported a large amount of stolen narcotics and that he had recovered some of them, including oxycontin and methadone pills. Id. at 76-79, 88-89. The post-conviction court rejected Mr. Hummel's claim, finding that Mr. Hummel "freely and voluntarily, after advise [sic] of counsel who was not ineffective, pled guilty under the terms of the Plea Agreement." ECF 26-7 at 3; PCR Transcript, dated January 17, 2016, at 54-55.

After reviewing the record, the court can't conclude that the state court's determination that trial counsel wasn't ineffective was objectively unreasonable. Mr. Hummel doesn't contest his possession of 104 bottles of pills or that some of the bottles contained narcotics. Under Indiana law, "[p]ossession of a large amount of narcotics is circumstantial evidence of intent to deliver." Montego v. State, 517 N.E.2d 74, 76 (Ind. 1987). "The probative value of quantity in proving intent increases as the quantity itself becomes greater." Id. Because the prosecution had evidence from which intent to deliver narcotics could be inferred, trial counsel reasonably advised Mr. Hummel to plead to a lesser offense. Mr. Hummel's claim that his trial attorney was ineffective is not a basis for habeas relief.

## CERTIFICATE OF APPEALABILITY

Under Section 2254 Habeas Corpus Rule 11, the court must grant or deny a certificate of appealability. To obtain a certificate of appealability under 28

9

U.S.C. § 2253(c), the petitioner must make a substantial showing of the denial of a constitutional right by establishing "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000). For the reasons explained in this opinion for denying habeas corpus relief, there is no basis for encouraging Mr. Hummel to proceed further. For the same reasons, he may not appeal in forma pauperis because an appeal could not be taken in good faith.

For these reasons, the court:

(1) DENIES the habeas corpus petition;

(2) DENIES a certificate of appealability pursuant to Section 2254 Habeas Corpus Rule 11;

(3) DENIES leave to appeal in forma pauperis; and

(4) DIRECTS the clerk to enter judgment in favor of the Respondent and against the Petitioner.

SO ORDERED on April 11, 2018

s/ Robert L. Miller, Jr.
JUDGE
UNITED STATES DISTRICT COURT
